UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ESTEBAN CRUZ, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:18-CV-203 |
| | § | |
| STATE FARM LLOYDS, | § | |
| | § | |
| Defendant. | § | |

## ORDER GRANTING MOTION TO DISMISS

Plaintiff Esteban Cruz brought this action in state court against Defendant State Farm Lloyds, alleging failure to pay an insurance claim for storm damage to his home. Defendant timely removed this case to this Court on the basis of diversity jurisdiction. D.E. 1. Before the Court is Defendant's second motion for partial dismissal of Plaintiff's extra-contractual claims (D.E. 11), Plaintiff's response (D.E. 14), and Defendant's reply (D.E. 17). For the following reasons, the Court GRANTS the second motion for partial dismissal (D.E. 11) and GRANTS LEAVE to Plaintiff to amend his complaint.

## STANDARD OF REVIEW

Defendant seeks dismissal of the extra-contractual claims for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The standard under Rule 12(b)(6) is devised to balance a party's right to redress against the interests of all parties and the court in minimizing expenditure of time, money, and resources devoted to meritless claims. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to

relief." Fed. R. Civ. P. 8(a)(2). This includes sufficient factual allegations to indicate that the claim is plausible. *Twombly*, 550 U.S. at 555. On a motion to dismiss, the court must view all reasonable inferences in the light most favorable to the non-movant and accept well-pleaded facts as true. *Lormand v. US Unwired, Inc.,* 565 F.3d 228, 232 (5th Cir. 2009) (citations omitted). However, a plaintiff's "formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 544 (citations omitted).

Rule 9(b) of the Federal Rules of Civil Procedure requires fraud claims to be pleaded with particularity. Fed. R. Civ. P. 9(b). This heightened pleading standard "applies by its plain language to all averments of fraud, whether they are part of a claim of fraud or not." *Lone Star Ladies Inv. Club v. Schlotzky's, Inc.*, 238 F.3d 363, 368 (5th Cir. 2001); *see Frith v. Guardian Life Ins. Co.*, 9 F. Supp. 2d 742, 743 (S.D. Tex. 1998) (applying Rule 9(b) to claims under the Texas Insurance Code and the Deceptive Trade Practices Act where the gravamen is fraud). The pleading should "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Southland Sec. Corp. v. INSpire Ins. Solutions, Inc.*, 365 F.3d 353, 362 (5th Cir. 2004) (citation omitted).

"Motions to dismiss are viewed with disfavor and are rarely granted." *Test Masters Educ. Services, Inc. v. Singh,* 428 F.3d 559, 570 (5th Cir. 2005) (citation omitted). When a complaint fails to state a claim, the court should generally give the plaintiff at least one chance to amend the complaint before dismissing the action with prejudice. *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.,* 313 F.3d 305,

329 (5th Cir. 2002). Leave to amend pleadings should be freely given when justice requires. Fed. R. Civ. P. 15(a)(2).

## DISCUSSION

Plaintiff pleads his extra-contractual claims as violations of the Texas Insurance Code, the Deceptive Trade Practices Act (DTPA), and the duty of good faith and fair dealing. He alleges that Defendant unlawfully conducted a "shoddy," "biased," and "outcome oriented" investigation in its favor and made misrepresentations through its agent and adjuster. State Farm argues that these claims should be dismissed because Plaintiff's allegations are mere recitations of the statutory language devoid of material facts.

According to the First Amended Complaint (D.E. 9), Plaintiff purchased an insurance policy from Defendant because its agent stated that Defendant would always conduct a "fair" and "unbiased" investigation and would promptly issue payment for all "properly covered" claims. Plaintiff alleges that when he filed a claim for the storm damage to his home, Defendant's adjuster implied to him that he would be "fully covered" and "had nothing to worry about." The adjuster then spent less than one hour assessing the damage and prepared an estimate of the damage. Explaining that the damage did not exceed Plaintiff's deductible under the policy, Defendant denied payment on his claim.

Missing from Plaintiff's allegations are facts as to why more time was needed to assess the damage, what damage was overlooked, whether that damage was covered, what unnecessary delay transpired between making the claim and receiving the denial of

payment, or how the damage actually exceeded his deductible. With respect to the statements made, Plaintiff has identified the speaker, place, and content of Defendant's statements, but he has not alleged why or how the statements are false or misleading. The statements appear to be nothing more than general representations typical of insurance sales rather than representations in the course of evaluating the claim. Therefore, the allegations are merely conclusory.

Reviewing Plaintiff's allegations in the light most favorable to him, the Court finds that his factual allegations are insufficient to support a finding that his extra-contractual claims are plausible under the law. Specifically, each legal theory lacks crucial facts identified in statutes and case law:

- Claims pursuant to the Insurance Code:

    o Tex. Ins. Code §§ 541.060(a)(1), 541.061 (statements must be false or misleading at the time of utterance); *see Tex. Mut. Ins. Co. v. Ruttiger*, 381 S.W.3d 430, 446 (Tex. 2012) (finding that a dispute between the insured and the insurer regarding whether a claim is factually within the policy does not constitute a misrepresentation).

    o Tex. Ins. Code § 541.060(a)(2)(A), (a)(3), (a)(7) (liability triggered when liability is "reasonably clear" or insurer fails to reasonably investigate or explain a claim denial).

    o Tex. Ins. Code § 542.058 (requiring a wrongful refusal or delay in payment).

- Claims under the DTPA: [1]

    - Tex. Bus. & Com. Code § 17.50(a)(4) (Plaintiff cannot maintain a claim without a "violation of Chapter 541, Insurance Code").

    - Tex. Bus. & Com. Code §§ 17.45(5), 17.50(a)(3) (requiring factual allegations as to how Defendant took advantage of Plaintiff).

- Claim pursuant to the duty of good faith and fair dealing:

    - *Lawyers Title Ins. Corp. v. Doubletree Partners, L.P.* 739 F.3d 848, 869 (5th Cir. 2014) (holding that factual allegations must reasonably infer that defendant had "no reasonable basis for the denial or delay in payment of a claim).

Because Plaintiff relies on allegations unsupported by facts to plead his extra-contractual claims, his pleading fails to state a claim upon which relief can be granted.

## CONCLUSION

The Court GRANTS Defendant's second motion for partial dismissal (D.E. 11). Thus, Plaintiff's extra-contractual claims under the Texas Insurance Code, the Deceptive Trade Practices Act, and the duty of good faith and fair dealing are DISMISSED. The Court ORDERS that Plaintiff may amend his pleading to reinstate his claims with factual specificity on or before January 17, 2019.

ORDERED this 3rd day of January, 2019.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE

---

[1] It is unclear whether Plaintiff is also claiming violations of Section 17.46 of the DTPA. Nonetheless, Plaintiff has not sufficiently alleged why the statements were false, misleading, or deceptive. *See* Tex. Bus. & Com. Code § 17.46(b) (unlawful to "commit false, misleading or deceptive practices . . .").